IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY ROBERSON,

    Petitioner,

v.                                                             No. 1:12-1114-JDB-egb

ARVIL "BUTCH" CHAPMAN,

    Respondent.

ORDER ADDRESSING PENDING MOTIONS,
TRANSFERRING SUCCESSIVE PETITION
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
AND
CLOSING CASE

Before the Court is the second amended petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody ("Second Amended Petition"), filed by Petitioner, Timothy Roberson, Tennessee Department of Correction prisoner number 244376, who is currently an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee (ECF No. 23),[1] and the motion to expedite proceedings (ECF No. 25) and motion for status hearing (ECF No. 26). For the reasons stated below, the Court GRANTS the motion to expedite proceedings, DENIES the motion for status hearing, and TRANSFERS this successive petition to the Sixth Circuit Court of Appeals.

## I. BACKGROUND

### A. State Court Procedural History

On January 31, 1995, Roberson was convicted after a jury trial in the Circuit Court for Gibson County, Tennessee, of felony murder and especially aggravated robbery. He was sentenced

---

[1]The Clerk is DIRECTED to substitute SCCF Warden Arvil "Butch" Chapman for Jewel Steele as respondent in this action. *See* Fed. R. Civ. P. 25(d).

to life imprisonment without the possibility of parole on the murder charge and to a consecutive term of fifteen years as a Range I standard offender on the especially aggravated robbery. The Tennessee Court of Criminal Appeals ("TCCA") affirmed. *State v. Roberson,* No. 02C01-9508-CC-00245, 1997 WL 736513 (Tenn. Crim. App. Dec. 1, 1997), *appeal denied* (Tenn. June 29, 1998).

On February 12, 1999, Roberson filed a state post-conviction petition in which he alleged that his trial counsel had rendered ineffective assistance. The post-conviction court denied relief after an evidentiary hearing, and the TCCA affirmed. *Roberson v. State,* No. W2001-00549-CCA-R3-PC, 2002 WL 1592725 (Tenn. Crim. App. July 12, 2002).

On November 4, 2002, the inmate filed a motion in the Gibson County Circuit Court seeking relief from the order denying his post-conviction petition. On May 22, 2003, he moved to amend his original motion and to reopen his post-conviction case. Roberson filed a petition seeking a writ of error coram nobis on June 8, 2005. On December 4, 2006, the trial court denied the motions pertaining to post-conviction relief and dismissed the petition for coram nobis relief as time barred. The TCCA held on appeal that it was without jurisdiction to address the motion to reopen the post-conviction proceeding and affirmed the dismissal of the coram nobis petition. *Roberson v. State,* No. W2007-00230-CCA-R3-PC, 2007 WL 3286681 (Tenn. Crim. App. Nov. 7, 2007), *appeal denied* (Tenn. Apr. 14, 2008).

On April 28, 2010, Roberson filed a petition for a writ of habeas corpus, pursuant to Tennessee Code Annotated §§ 29-21-101 to -130, in the Davidson County Criminal Court. The trial court denied relief, and Petitioner did not appeal. He filed a second habeas petition on June 28, 2010 in the Davidson County Criminal Court in which he challenged the validity of the indictment, the jurisdiction of the trial court, and the jury verdict. The trial court summarily dismissed the petition for failure to state a claim. The TCCA affirmed. *Roberson v. State,* No. M2011-00130-CCA-R3-HC, 2011 WL 4959988 (Tenn. Crim. App. Oct. 19, 2011), *appeal denied* (Tenn. Feb. 16, 2012).

**B.     Case Number 08-1175**

On July 14, 2008, Roberson filed his initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee. (Pet. for Writ of Habeas Corpus, *Roberson v. Lindamood,* No. 08-1175-JDB-egb (W.D. Tenn.), ECF No. 1.) His petition presented the following issues:

1.  "That Due Process was violated when the trial court denied the petitioner's right to counsel at a critical stage" (*id.* at PageID 7);

2.  "That Due Process was violated when the trial court admitted in evidence an involuntary confession in violation of Miranda v. Arizona, 384 U.S. 436, 444 (1966)" (*id.*);

3.  "That Due Process was violated when the petitioner was denied the right to a fair trial when the State of Tennessee withheld exculpatory evidence in violation of Brady v. Maryland, 373, [sic] U.S. 83 S. CT. 1194 (1963)" (*id.* at PageID 8); and

4.  "That a constitutional violation, ineffective assistance, [sic] of counsel, probably resulted in the conviction of one who is actually innocent of the charged crime" (*id.*).

In an order issued on July 17, 2008, United States District Judge Aleta A. Trauger granted leave to proceed *in forma pauperis* and transferred the petition to this district, where the convicting court is located. (Order, *Roberson v. Lindamood,* No. 08-1175-JDB-egb (W.D. Tenn.), ECF No. 5.) This petition was docketed in this district on July 18, 2008. (Case transferred in, *id.*, ECF No. 6.) The Court issued an order on September 12, 2008 directing Respondent to file the state-court record and a response to the petition. (Order to Correct the Docket and [] to Respond to Habeas Petition, *id.*, ECF No. 7.)

On November 17, 2008, Respondent moved to dismiss the petition as untimely. (Mot. to Dismiss, *id.*, ECF No. 16; Mem. of Law in Supp. of Resp't's Mot. to Dismiss, *id.*, ECF No. 17.) Roberson responded to the motion on December 1, 2008. (Mot. in Reply to State Mot. to Dismiss, *id.*, ECF No. 20.) The Court issued an order on August 5, 2009 dismissing the petition and denying a certificate of appealability. (Order Granting Resp't's Mot. to Dismiss[,] Order of Dismissal[,] Denying Certificate of Appealability and [] Certifying Appeal Not Taken in Good Faith, *id.*, ECF No. 22.) Judgment was entered on August 6, 2009. (J. in a Civil Case, *id.*, ECF No. 23.) The Sixth Circuit Court of Appeals denied a certificate of appealability. *Roberson v. Lindamood,* No. 09-6044 (6th Cir. Mar. 2, 2010).

C.   **Case Number 12-1114**

On March 27, 2012, Roberson filed a second *pro se* § 2254 petition in the Middle District of Tennessee. (ECF No. 1.) After leave to proceed *in forma pauperis* was denied on April 24, 2012 (ECF No. 7), he paid the habeas filing fee on May 9, 2012 (ECF No. 10). On May 17, 2012, United States District Judge William J. Haynes, Jr. transferred the case to this district. (ECF No. 12.)

The Court issued an order on June 5, 2012 that directed Petitioner to file an amended petition on the official form within thirty days. (ECF No. 17.) The order notified Roberson that, "[s]hould Petitioner fail to file an amended petition within the time specified, the Court will dismiss the action without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.* at 2.) Because it appeared that Roberson had failed to file an amended petition, the Court issued an order on August 2, 2012 dismissing the petition without prejudice. (ECF No. 18.) Judgment was entered on August 7, 2012. (ECF No. 19.)

On August 13, 2012, he filed a motion to vacate order of dismissal for want of prosecution, in which he stated that he submitted a timely amended petition, which the Clerk docketed as a new civil action. (ECF No. 20.) On July 2, 2012, Petitioner's amended § 2254 petition was docketed

4

as case number 12-1152-JDB-egb (W.D. Tenn.). That petition challenged the conviction at issue in case number 12-1114. On August 23, 2012, the Court granted the motion to vacate, vacating the judgment and dismissal order, and directed the Clerk to docket the amended § 2254 petition in this case. (ECF No. 21.) Because the amended § 2254 petition was not on the official form and did not substantially follow the format of the official form, Roberson was ordered, for the second time, to file an amended petition on the official form. (*Id.* at 3-4.) He filed his Second Amended Petition on September 12, 2012. (ECF No. 23.)

On September 29, 2014, Roberson filed a motion to expedite proceedings, in which he states that "he has obtained newly discovered evidence after receiving records under the Tennessee Open Records Act and any further delaying the proceeding will result in a right that petitioner may never recover." (ECF No. 25.) For good cause shown, the motion to expedite proceedings is GRANTED.

Also on September 29, 2014, the inmate filed a motion for status hearing (ECF No. 26) and a factual declaration (ECF No. 27). Because the Court has not received authorization from the Court of Appeals to address this second or successive § 2254 petition, the motion for status hearing is DENIED.

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

The sole issue presented in Roberson's Second Amended Petition is "[w]hether the state court improperly dismissed Petitioner's Writ of Habeas Corpus Petition based upon an unreasonable application of facts and federal law." (ECF No. 23 at 6; *see also id.* at 6-9.)[2]

---

[2] The issue presented in the Second Amended Petition is different from the issues in the amended § 2254 petition. (*See* ECF No. 21 at 6-12.) The original § 2254 petition appears to include the issues presented in the amended and second amended § 2254 petitions. (*See* ECF No. 1 at 2-3, 4, 12-15.)

**III.     ANALYSIS**

State prisoners ordinarily may file only one § 2254 petition.  There are severe restrictions on a district court's ability to consider "second or successive" petitions:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).  The issue presented in the Second Amended Petition was not included in Roberson's first petition.[3]

This successive petition cannot be considered by the Court unless Roberson first obtains permission from the United States Court of Appeals for the Sixth Circuit.  28 U.S.C. § 2244(b)(3)(A).  "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *see also United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) ("the Rule 60(b) motion was properly construed as a second or successive motion to vacate his sentence under § 2255 and his case was properly transferred to our court for an initial

---

[3]The issues presented in the amended § 2254 petition also were not included in Roberson's initial § 2254 petition.

determination as to whether he should be allowed to file such a motion"). Roberson has not sought, or obtained, authorization from the Sixth Circuit to file this petition.

Therefore, under *Sims* and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this petition to the United States Court of Appeals for the Sixth Circuit.

The Clerk is directed to close this case without entry of a judgment.

IT IS SO ORDERED this 15th day of October 2014.

                                      s/ J. DANIEL BREEN
                                      CHIEF UNITED STATES DISTRICT JUDGE